**Jerry Wayne ST. JOHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40846.

Court of Criminal Appeals of Texas.

April 10, 1968.

Rehearing Denied May 29, 1968.

Fred Moore, Dallas, Vincent W. Perini, Dallas, on appeal, for appellant.

Henry Wade, Dist. Atty., John Emmett, Joe K. Hendley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This appeal was abated on December 6, 1967, because the record on appeal had not been approved. St. John v. State, Tex.Cr. App., 421 S.W.2d 661.

The record has since been approved; briefs filed and order entered refusing to grant a new trial, and the appeal will be considered.

In his brief and in oral argument, appellant's able counsel on appeal urges as ground of error No. 1: "Allowing state's attorney to draw out testimony about defendant's recent release from the penitentiary was reversible error in the guilt-innocence trial."

The indictment alleged the robbery of Mrs. Cecil Gray. Mrs. Gray identified appellant as the man wearing dark glasses who came into her dry cleaning establishment at about 12:45 P.M. on May 19, 1966,

while she was alone, and at gun point announced: "This is a stickup and I want your money," but later said "All I need is $10.00," and accepted two five dollar bills which she offered to give him to get out and leave her alone, and walked out the front door.

In addition to her positive identification of appellant at the trial, the record reflects that she identified him as the robber from a photograph which, with others, had been supplied by appellant's mother.

Appellant did not testify at the trial on the issue of guilt or innocence but called as witnesses his step-sister and his mother.

On cross-examination of these witnesses testimony was elicited that appellant had been released from the penitentiary a month before the robbery in question here.

We agree with appellant's contention that this evidence was not admissible at the trial on the issue of guilt or innocence. However, the record clearly shows that such evidence was admitted without objection and it was only after other questions had been asked and answered that motion for mistrial was made.

We also agree that the question as to where appellant had been before he came home about a month before the robbery does not appear to have been relevant, but the same may be said as to the testimony elicited from the mother and step-sister on direct examination.

■ The testimony being before the jury without objection, appellant is in no position to complain on appeal. Wingate v. State, Tex.Cr.App., 383 S.W.2d 601; Freeman v. State, 357 S.W.2d 757, and cases cited.

Appellant's ground of error No. 2 is: "Allowing state's attorney to question defendant about his juvenile record was error in the punishment trial."

The only testimony offered at the hearing on punishment was that of appellant who, on direct examination by his court appointed trial counsel, testified in part:

"Q. At this time, how old are you?

"A. Twenty years old.

"Q. You've spent approximately how many years of your life in institutions?

"A. Six."

On cross-examination he testified concerning his conviction and release from the Department of Corrections, and was asked and answered:

"Q. When was the first time you were committed to an institution, Jerry?

"MR. GREEN: Your Honor, I'm going to object to that.

"MR. EMMETT: Your Honor, Mr. Green asked him the question, 'How much of your life have you spent in institutions?'

"THE COURT: Go ahead.

"THE DEFENDANT: Since I was thirteen years old.

"Q. What were you committed for, Jerry?

"A. Murder.

"MR. GREEN: Your Honor, I object to this. This is a juvenile record.

"THE COURT: Overruled.

"MR. GREEN: Note our exception."

■ While we are not impressed with such trial tactics, it appears from the record that appellant sought to incite sympathy by his prior confinement and servitude

and, in doing so, included the time he spent under commitment as a juvenile delinquent as well as in the State Department of Corrections. He is therefore now precluded from complaining of the state's pursuit of the same matter on cross-examination. See Vasquez v. State, 415 S.W.2d 188, Tex.Cr.App., and cases cited. See also Art. 38.24 Vernon's Ann.C.C.P.

The judgment is affirmed.