**Willie Hugh MULLENIX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42165.**

Court of Criminal Appeals of Texas.

July 16, 1969.

Fred Fick, Fort Worth (Court appointed on appeal), for appellant.

Frank Coffey, Dist. Atty., Wayne Roberts, Gordon Gray, Truman Power and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by two prior felony convictions, life.

Appellant and his brother were apprehended at night inside the burglarized premises of the Montgomery Ward Store in Ft. Worth. No question is raised as to the sufficiency of the evidence to sustain the

jury's verdict finding appellant guilty of the burglary.

The indictment alleged for enhancement of punishment a prior conviction for burglary in Tarrant County on October 6, 1960. Proof was offered identifying appellant as the person so convicted for a burglary committed on May 17, 1960.

The indictment further alleged a prior conviction for felony theft in Cause No. C–7890–IJ in Criminal District Court No. 3 of Dallas County, Texas, on August 7, 1959.

On the day of the trial which resulted in the conviction for burglary from which this appeal was perfected, appellant filed a motion to suppress any evidence concerning the conviction in Dallas County on August 7, 1959, upon the ground that he was an indigent person at the time of such conviction and did not have the aid and assistance of any legal counsel; that he was not fully advised of his constitutional rights by the trial court, so that he did not waive his right to counsel.

The appeal is predicated on the contention that the trial court erred in overruling appellant's motion to suppress and his objection to the proof of his conviction on August 7, 1959.

The evidence heard by the court in the absence of the jury on the motion to suppress includes the following.

Certified copies of the docket sheet, indictment, capias, defendant's plea papers, judgment and sentence were admitted without objection as State's Exhibits. These records reflect that the name of Jack Mackin, 116 W. Belknap, Ft. Worth, Texas, appears as attorney for defendant on the court's docket and on the defendant's waiver of trial by jury; that the defendant waived trial by jury, entered a plea of guilty; was found guilty by the court and was sentenced to a 2 year term in the Texas Department of Corrections, all on August 7, 1959. The judgment reflects that the defendant's counsel was present at the trial.

Appellant's testimony regarding his conviction in Cause No. C–7890–IJ was to the effect that he was indigent at the time, did not have funds to hire an attorney and in fact was not represented upon his trial by Jack Mackin or any other attorney, and that no attorney was present in court with him or counseled with him about his case on the occasion that he pleaded guilty in Dallas.

Appellant testified that about the same time he pleaded guilty in Dallas he had been represented by Jack Mackin in a burglary case in Tarrant County in which he received probation and that he conferred with Mr. Mackin about the Dallas case and prior to talking to the district attorney and entering a plea of guilty had understood from Mr. Mackin that he would get out of jail after pleading guilty in Dallas.

We are unable to agree with appellant's contention that his testimony was sufficient as a matter of law to overcome and destroy the presumption of the regularity and accuracy of the records of the Dallas County District Clerk's Office or to require the court to find that appellant was not represented by counsel in said Cause No. C–7890–IJ.

The judgment is affirmed.