**Rogelio GUTIERREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42856.**

Court of Criminal Appeals of Texas.

May 27, 1970.

Rehearing Denied July 15, 1970.

Pena, McDonald & Gutierrez by Roman Gutierrez, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for assault with intent to murder; the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

The State's testimony reflects that without provocation appellant stabbed Hilario Martinez in the abdominal area and in the

chest close to the heart with a knife at a beer tavern near Pharr. Martinez was hospitalized some eight days because of the injuries.

In the first and second grounds of error, complaint is made that the court erred in admitting certified copies of the prior convictions at the penalty stage of the trial over the objection that such records did not show that he was represented by a named practicing attorney.

The judgments in each case recite that Rogelio Gutierrez appeared in person and by counsel and, after being admonished by the court, entered his plea of guilty. In each case the sentence was pronounced the same date as the judgment.

Appellant cites Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, and Crawford v. State, Tex.Cr.App., 435 S.W.2d 148, both of which hold that an accused must be afforded an attorney at a revocation of probation proceeding. He also relies upon Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, where the sentences recited that Burgett did not have counsel. There the court held that a presumptively void sentence could not be used to show guilt or for enhancement and stated that presuming waiver of counsel from a silent record is impermissible. In the present case the prior judgments recite that appellant and counsel were present when the pleas of guilty were entered.[1] Appellant waived the ten days allowed to file a motion for a new trial and was sentenced the same day judgment was pronounced.

■ The recitation in the judgments that appellant was represented by counsel is binding upon him in the absence of direct proof to the contrary. It would be unlikely for appellant to have had counsel at the time of the judgment and not at the time of the sentence when both were on the same day after a plea of guilty had been entered

---

1. Article 1.13, Vernon's Ann.C.C.P., requires that where a defendant does not have an attorney, the court *must* appoint

an attorney before an accused can waive a jury and enter a plea of guilty.

and the time allowed for filing a motion for new trial waived. In such cases the trial is usually in one proceeding.

■ Under such facts, absent a showing to the contrary, it will be presumed that appellant had counsel when he was sentenced.

The first and second grounds of error are overruled.

In the third and fourth grounds of error, contention is made that the court erred in admitting certified copies of the judgments and sentences in the prior convictions used for enhancement, because there was no showing that such judgments and sentences were signed by the judge and entered of record.

■ The certificate of the district clerk of Hidalgo County attached to the indictment, judgment and sentence in each of the two cases showed that they were true copies as they appeared on file in the clerk's office. Lucille Trevino testified that she was a deputy district clerk of Hidalgo County and that such judgments and sentences were true and correct copies of the records of the office. This is sufficient to show that the judgments and sentences were entered of record.

In McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521, cert. den. 352 U.S. 902, 77 S.Ct. 268, 1 L.Ed.2d 114, reh. den. 352 U.S. 955, 77 S.Ct. 324, 1 L.Ed.2d 245, petition dismissed 354 U.S. 936, 77 S.Ct. 1405, 1 L.Ed.2d 1536, the prosecution was for murder where a previous conviction for murder was alleged under Article 64, Vernon's Ann.P.C.; this court held that the failure of the judge to sign the judgment, sentence or minutes of the court did not affect the validity of the former conviction.

■ We know of no rule that would require a judge to sign the judgments and sentences. No error is shown.

The third and fourth grounds of error are overruled.

The judgment is affirmed.