Claude LANDRUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 42976.

Court of Criminal Appeals of Texas.

July 8, 1970.

vester and Jo Ann Fenton at approximately 4:13 a. m. After Joe Baland, the owner of the business, heard the noise in the building over the burglar alarm system, he alerted the officers. When they arrived, they saw that a hole had been knocked in the wall of the building and saw Sylvester and the appellant crouched behind the bar. Both had on gloves. The coin operated machines had been broken.

Joe Baland testified that he did not give consent for appellant or the others to enter the building.

Sidney Sylvester and Jo Ann Fenton Sylvester (at the time of the trial) were called as defense witnesses, and they testified that they entered the building while appellant was drunk and asleep in the car outside, and the only reason that appellant entered the building was to get them to leave. The jury chose not to believe their testimony. The evidence is sufficient to support the conviction.

■ Next, complaint is made that the court erred in permitting the State to prove on cross-examination that Jo Ann Sylvester had lied for appellant (her foster father) when the following transpired:

"Q. Did you at one time tell your Probation Officer that you had been before a Grand Jury before in behalf of your father and perjured yourself, lied to the Grand Jury, in your father's behalf—did you or did you not tell your Probation Officer that statement?

"A. That I had went before the Grand Jury?

"Q. And that you had lied for your father, or another term, perjured yourself—be real careful, Jo Ann.

"A. I really don't know what you mean.

"Q. Have you ever lied to anybody before the Grand Jury, Jo Ann—'Yes' or 'No'?

"A. It was a rape case.

Turman & Mitchell, by Joel B. Mitchell, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Dain P. Whitworth, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

DOUGLAS, Judge.

The conviction is for burglary with intent to commit theft; the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

The sufficiency of the evidence is challenged.

Appellant was found inside the Broken Spoke Restaurant along with Sidney Syl-

"Q. I am not asking you what kind of case it was, Jo Ann Sylvester; I want to know whether you lied to the Grand Jury.

MRS. ROBERTS: Your Honor, I am going to object to this if it has nothing to do with this case.

THE COURT: I overrule the objection.

MRS. ROBERTS: Note our exception.

"Q. Answer the question, Jo Ann, and you are under oath: 'Yes' or 'No'—did you lie for your father—just a simple 'Yes' or 'No;' that's all I want to know from you?

"A. Yes, I lied for my father."

Assuming that the objection is sufficient and that the answer should not have been elicited, under the facts and circumstances of this case, no reversible error is shown.

Lastly, it is contended that appellant was not represented by counsel when he was convicted in 1943. In that cause, used for enhancement, the waiver of a jury contained the signature of Earl Shelton as the attorney. Both the judgment and sentence recite that he was represented by an attorney. The trial court found that he was represented by an attorney.

In Mullenix v. State, Tex.Cr.App., 443 S.W.2d 264, the docket sheet and jury waiver showed a named attorney. This Court held that the testimony of the defendant that he was indigent and was not represented by counsel was insufficient to overcome the presumption of the regularity and accuracy of the court records. See Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84. No error is shown; appellant's contention is overruled.

The judgment is affirmed.