Dennis Charles **MARTIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43464.

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

**450**

Thomas D. Prichard, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Justice.

This is an appeal from a conviction for murder where the punishment assessed was 30 years.

The sufficiency of the evidence is not challenged and a recital of the facts is deemed unnecessary.

The appellant does, however, contend error was committed when the court permitted the State to introduce at the hearing on punishment two prior felony convictions as part of his "prior criminal record" where there was a "question of the convictions being void." Appellant urges the rationale of Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, bars the use of a prior felony conviction as part of a defendant's "prior criminal record" under Article 37.07, Vernon's Ann.C.C.P. absent a clear showing that the conviction was not obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

The matter presented arose in this manner. At the penalty stage of the trial after the State had commenced to lay the predicate for the introduction of appellant's prior criminal record, the appellant personally and his counsel and the State stipulated that the appellant had been convicted of burglary in 1932 and again in 1934, both convictions being in the 24th District Court of DeWitt County. In connection with such stipulation State's Exhibits #13 and #14, containing the certified copies of the judgments and sentences in such conviction, were introduced into evidence. Each judgment reflected the appellant was represented by counsel at the time, even though the name of counsel does not appear.

The appellant then took the stand and admitted he had been so convicted in 1932 and 1934 but related he had later entered the Army and subsequently had "gone into business" and was rehabilitated except for a 1966 aggravated assault conviction upon Ida Mae Washington of which he was not guilty.

He also testified he was not guilty of the offenses which were the basis of his prior burglary convictions. On cross-examination he volunteered the fact that at the time of such convictions, despite the recitals in the judgments to the contrary, he was not represented by counsel.

◼ Having agreed by stipulation to the introduction of the prior convictions, the appellant, after the above testimony, at no time made known to the trial court the claim now advanced. No effort was made to have the evidence withdrawn or the jury instructed nor was any other relief requested.

It is also observed that at no time did the appellant prove he was actually indigent[1] and did not waive counsel at the time of such convictions. In Walling v. State, Tex.Cr.App., 437 S.W.2d 563, this court

---

1. The closest appellant came to establishing indigency was when he was testifying about the 1934 burglary conviction. He

stated: "I didn't have one (counsel). At that time you didn't have enough money for an attorney you defended yourself."

held that a defendant who made no showing of indigency could not complain that prior convictions at which he was not represented by counsel were admitted into evidence at the penalty stage of the trial and under such circumstances the rationale of Burgett would not be invoked.

Further, in Mullenix v. State, Tex.Cr.App., 443 S.W.2d 264, where the record evidence of a prior conviction reflected the defendant had named counsel, it was held that his testimony that he was indigent and without counsel was insufficient to overcome the presumption of the regularity and accuracy of court records. See also Landrum v. State, Tex.Cr.App., 456 S.W.2d 914. Cf. Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84.

We therefore find no merit in appellant's first contention.

Appellant also urges the State, in light of Burgett, improperly used these prior burglary convictions to impeach him as a witness in his own behalf. We do not agree.

As earlier noted, such convictions were offered at the commencement of the penalty stage of trial by stipulation as part of appellant's "prior criminal record." Remoteness does not prevent the use of prior convictions for such purpose. Ingram v. State, Tex.Cr.App., 426 S.W.2d 877.

The appellant subsequently took the stand and admitted such convictions and only after he denied his guilt of the burglaries was he questioned on cross-examination about the same. See St. John v. State, Tex. Cr.App., 427 S.W.2d 862. At no time was any objection offered to such interrogation, nor were any limiting jury instructions requested.

Under the circumstances we perceive no error.

Appellant's next complaint relates to the taking of a set of his fingerprints, over objection, just prior to jury selection. He candidly admits, however, the contention is without merit in light of Harrington v. State, Tex.Cr.App., 424 S.W.2d 237 and a host of other cases. See Branch v. State, Tex.Cr.App., 445 S.W.2d 756; Washington v. State, Tex.Cr.App., 434 S.W.2d 138; Simmons v. State, Tex.Cr.App., 457 S.W.2d 284; Gordon v. State, Tex.Cr.App., 461 S.W.2d 415.

He also complains of the introduction of photographs showing the body of the deceased immediately after the shooting. He acknowledges however that the photographs tended to resolve a disputed fact issue and for that reason his contention is without merit. He is correct. See Burns v. State, Tex.Cr.App., 388 S.W.2d 690; Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Harris v. State, Tex.Cr.App., 457 S.W.2d 903. See also Burns v. Beto, 5th Cir., 371 F.2d 598.

Lastly, appellant's court appointed counsel on appeal urges, at the request of the appellant, that both of his retained trial counsel were incompetent. We have examined the record and do not agree.

The judgment is affirmed.