Roger Wayne **HARVEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45238.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

John R. Coe, Houston (court appointed), Ted Richard Sherman, Pasadena, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Warren White, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the offense of breaking and entering a coin operated machine. The punishment, enhanced under the provisions of Article 63, V.A.P.C., life.

At the outset, we note that appellant's brief details but a single ground of error; however, the supporting arguments set forth at least six separate contentions, the effect of which is to render appellant's brief inadequate in light of the provisions of Art. 40.09, § 9, V.A.C.C.P., requiring that each ground of error must be set forth separately. Ware v. State, Tex.Cr. App., 475 S.W.2d 282; Rose v. State, Tex. Cr.App., 470 S.W.2d 198; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728. Nevertheless, in the interest of justice, we will review appellant's contentions.

The sufficiency of the evidence is not challenged.

The several contentions presented by appellant all focus on the two prior convictions introduced for the purpose of enhancement at the penalty stage of this

trial.[1]  First he urges that both prior convictions were void under the holding in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, in that he was not represented by counsel at either trial.

During the hearing on punishment, the State introduced into evidence records of the two prior convictions including certified copies of the judgments, sentences and docket sheets. The judgment in Cause No. 74,824 recited, ". . . Defendant Roger Wayne Harvey appeared in person and by Counsel . . . ." The judgment in Cause No. 87,861 recited, ". . . Defendant Roger Harvey appeared in person and by Counsel, Desmond E. Gay." The State introduced docket sheets in both causes which reflect that appellant was represented by "Gay" in Cause No. 87,861 and "Morris" in Cause No. 74,824.

■ Appellant testified that in neither of the earlier causes had he been represented by counsel, and Attorney Desmond E. Gay testified that he had no independent recollection of having represented appellant, but that it was possible that he had. Although appellant urges this testimony was sufficient to disprove the recitations in the judgment and other records of the trial, such recitations are binding upon an appellant "in the absence of direct proof to the contrary." Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84, 85. We have consistently held that the testimony of an appellant alone is insufficient to overcome the presumption of regularity of the records. Landrum v. State, Tex.Cr.App., 456 S.W.2d 914; Martinez v. State, Tex. Cr.App., 469 S.W.2d 185. The testimony of Attorney Gay does not dispute the record wherein his name is entered. Ex parte Blaine, Tex.Cr.App., 472 S.W.2d 514.

■ Further, appellant's testimony does not reveal that he was indigent at the time of these convictions or that he did not waive his right to counsel. Absent such showing, reliance on Burgett v. Texas, supra, is misplaced. Frazier v. State, Tex. Cr.App., 480 S.W.2d 375; Gill v. State, Tex.Cr.App., 479 S.W.2d 289; Martin v. State, Tex.Cr.App., 463 S.W.2d 449; Walling v. State, Tex.Cr.App., 437 S.W.2d 563. Appellant does not contend that he had counsel and was deprived of his services.

Appellant contends that the court erred in admitting evidence of said prior convictions relied upon for enhancement, in that there was no evidence that appellant had waived in writing his right to trial by jury in said cases.

The judgments, in the prior convictions, recite that appellant "appeared in person and by Counsel, and both parties announced ready for trial and Defendant . . . having the consent and approval of the Court and attorney for the State, waives a jury herein and in open court pleaded guilty to the charge contained in the Indictment herein."

■ Appellant's reliance on Articles 1.-13 and 1.15, V.A.C.C.P., requiring defendant's waiver of trial by jury to be in writing, is misplaced in that the convictions used for enhancement occurred prior to the effective date of said Articles 1.13 and 1.-15, V.A.C.C.P., on January 1, 1966. Prior to said date, Articles 10a and 12, V.A.C.C.P., required that defendant's waiver of trial by jury be made in open court, but there was no requirement that said waiver be in writing.[2]  The judgments in both cases recite that appellant waived a jury and appellant's testimony alone to the con-

---

1. The indictment in the instant case alleged that appellant had previously been convicted in Cause No. 74,824 on August 18, 1955, in Criminal District Court No. 2 of Harris County, of the offense of possession of marihuana, and in Cause No. 87,861 on November 4, 1959, in the same court, of the offense of felony theft.

2. It was the District Attorney's consent to defendant's waiver of jury that had to be in writing under the former statutes.

trary will not overcome the presumption of regularity and accuracy of said judgments. Blake v. State, Tex.Cr.App., 468 S.W.2d 400; Landrum v. State, supra; Martinez v. State, supra.

Appellant contends that the prior convictions relied upon for enhancement were void in that the State failed to introduce sufficient evidence to establish appellant's guilt in said causes.

In support of this contention, appellant points to the testimony of the Deputy Clerk that the records in said causes do not contain stipulations of evidence signed by appellant or his attorney. Both judgments recite, "and having heard the evidence submitted—the court finds the defendant guilty." Clearly, nothing has been presented to overcome the presumption of the regularity and accuracy of the court records.

The judgment is affirmed.

Opinion approved by the Court.