Kenneth Don MOSLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45603.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 14, 1973.

Mullinax, Wells, Mauzy & Baab, Inc., by G. William Baab, Dallas, for appellant.

Henry Wade, Dist. Atty. and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault where the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life.

In his sole ground of error appellant contends the trial court erred at the penalty stage of the trial in failing to respond to his objection and instruct the jurors that they were not to consider the prior conviction alleged for enhancement if they found that at the time of such conviction he was without legal counsel and had not knowingly, intelligently, and voluntarily waived the same.

The prior conviction was a 1963 conviction for burglary with intent to commit theft in Cause No. 2099 in the District Court of Rains County.

At the penalty stage of the trial, the State offered prison packets relating to seven prior convictions including said Cause No. 2099. Said packets contained photographs and fingerprints. A fingerprint expert was offered and testified that the fingerprints in the prison packets were

identical with known prints of the appellant taken by such witness.

The certified copy of the judgment in said Cause No. 2099 contained in the prison packets reflects that the appellant was represented by counsel although the instrument does not identify counsel by name. The State, however, also introduced the jury waiver in said cause which reflects that it was signed by the appellant and H. D. Garrett, as his attorney. The docket sheet in the cause was likewise introduced and it reflects that H. D. Garrett was appointed by the court to represent the appellant.

Taking the stand in his own behalf, appellant admitted that he had been convicted in said Cause No. 2099, as alleged, upon his plea of guilty, but he testified that at the time he was indigent, without counsel, and had not waived his right to counsel. He denied ever having seen an H. D. Garrett.

Appellant insists that his testimony raised the issue he contends should have been submitted to the jury at the penalty stage of the trial.

The State takes the position that the written objection was prematurely filed, having been filed prior to the charge at the guilt stage and prior to the testimony involved, and that the objection was not re-urged at the penalty stage of the trial.

In the record is found a written instrument entitled "Objections to Court's Charge" signed by appellant's counsel.

The first paragraph thereof refers to the court's failure to "mention" the defense of insanity, said paragraph obviously being directed to the court's charge at the guilt stage of the proceedings. The second paragraph of the instrument contains the objection in question, and the third paragraph begins, "In the event of submission of the issue of punishment to the jury upon alternative grounds. . . . "

This instrument is followed in the record (compiled by the clerk and approved without objection) by a written order of the court overruling the objections which, in turn, is followed in the record by the court's charge at the guilt stage of the trial. The court's docket sheet contained in the approved record, which is extremely well-written and detailed as to trial occurrences, reflects that objections were presented *only* to the court's charge at the guilt stage of the trial.

■ It appears clear from the record from which this court must dispose of this appeal that the objection offered was premature. An accused may not offer objections to the charge at the guilt stage of the trial which are not supported by the evidence at that time and then "sandbag" the judge when these objections are not re-offered at the penalty stage of the trial when he does not respond to the same, even though additional testimony may have been offered.

If there had been a timely objection, the charge should have been given,[1] but, under

1. Art. 38.23, Vernon's Ann.C.C.P., prohibits the use of any evidence obtained in violation of the constitution and laws of the United States or of this state. It further provides: "In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

In Washington v. State, 434 S.W.2d 138 (Tex.Cr.App.1968), the court wrote: ". . . Appellant's testimony (as to lack of counsel, indigency, etc.) before the court would have only raised a fact issue which would have had to be determined by the jury. Appellant subsequently made no effort to raise such issue before the jury at the penalty stage (sic) of the proceedings."

Mullenix v. State, 443 S.W.2d 264 (Tex. Cr.App.1969), held that the defendant's testimony at a hearing on a motion to suppress *in the absence of the jury* as to lack of counsel on a prior conviction was not sufficient *as a matter of law* to overcome and destroy the presumption of the regularity and accuracy of the court rec-

the circumstances here presented, we find no reversible error.

The judgment is affirmed.

ROBERTS and ODOM, JJ., concur in the result.

---

ords introduced, or to require the court to find that he was not represented by counsel at the time of the prior conviction. See also Landrum v. State, 456 S.W.2d 914 (Tex.Cr.App.1970).

The *Mullenix* case and those following it are not authority for the proposition that where a fact issue is raised at the penalty stage of the trial it need not be submitted if supported only by the testimony of the accused and contradicted by the presumption of the regularity of the introduced court records.