**Thurman Elbert MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45923.**

Court of Criminal Appeals of Texas.

April 4, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant was convicted by a jury of burglary on his plea of not guilty; the jury found as true the allegations of two prior felony convictions and he was sentenced to life under Article 63, Vernon's Ann.P.C.

The sufficiency of the evidence is not challenged.

The judgment is assailed by appellant's first ground of error because it is claimed that the two prior convictions used for enhancement were void in that appellant was not represented by counsel.

We first consider the Navarro County conviction in 1937. The judgment and sentence were admitted as contained in a

"penitentiary packet" and appellant was shown and admitted to being the same person. The judgment recites that he was represented by an attorney named Ramsey Cox, who waived trial by jury and entered a plea of guilty before the court.

■ Appellant attaches to his brief what purports to be a copy of the docket sheet for said trial, but since the same does not appear in the record, we cannot consider it. Jones v. State, Tex.Cr.App., 478 S.W.2d 937; Dora v. State, Tex.Cr.App., 477 S.W.2d 20.

After the jury verdict of guilty, in a hearing before the court, the appellant testified that he did not see Ramsey Cox, that Cox was not present in court when he entered a plea of guilty nor when he was sentenced, that he was at that time indigent and too poor to employ counsel.

Was such testimony sufficient to establish as a matter of law that the appellant did not have counsel so as to render the Navarro County conviction void under Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, and other cases of like import?

The court, in this hearing, was the judge of the facts proved, the credibility of the witness and the weight to be given to his testimony. This trial was held on May 7, 1970. The Navarro conviction was in 1937. The court had the right to take into consideration the 33 years intervening as affecting the memory of the witness, the possible unavailability of evidence to dispute his claim, as well as the motive of the appellant in so testifying, and his credibility in view of his criminal record.

The trial court held "that from all the evidence and testimony, he was represented." We think the court is supported by the record and was justified in so holding.

■ Under the circumstances, the unsupported testimony of appellant that he did not have counsel in the Navarro County conviction was not sufficient to over-come the recital in the judgment that he was represented by a named attorney when he pleaded guilty to the indictment and was adjudged guilty by the court. Harvey v. State, Tex.Cr.App., 485 S.W.2d 907; Mullenix v. State, Tex.Cr.App., 443 S.W.2d 264; Landrum v. State, Tex.Cr.App., 456 S.W.2d 914; Martin v. State, Tex.Cr.App., 463 S.W.2d 449. See also, Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84.

■ As to the Dallas County conviction, the judgment recites that appellant had counsel and he was sentenced on the same day as his guilty plea. See Gutierrez v. State, supra. In the court's hearing on the objection to the use of the Dallas County conviction for enhancement, there was this material difference. The appellant did not testify that he was not represented by counsel, only that "he did not remember" having an attorney, and he gave no testimony as to indigency or non-waiver. Therefore, we conclude that he did not establish his contention and the court correctly overruled it.

We overrule appellant's ground of error No. 1.

Ground of error No. 2 is that the state introduced evidence of additional convictions on the punishment phase of the trial, which were unconstitutionally void because he had no counsel.

■ These convictions were: two in Van Zandt County in 1953, on the same day; one in Hunt County in 1941, and one in Tarrant County in 1937. The judgments all recite that he had counsel. Appellant did not testify or offer proof that he did not have counsel, that he was indigent, and that he did not waive counsel. No error is shown. Palmer v. State, Tex.Cr.App., 475 S.W.2d 797; Taylor v. State, Tex.Cr.App., 470 S.W.2d 663; Ochoa v. State, Tex.Cr.App., 481 S.W.2d 847; Thrash v. State, Tex.Cr.App., 482 S.W.2d 213; Gutierrez v. State, supra.

As to the Tarrant County conviction, in 1937, the judgment of conviction recites

that appellant had an attorney named Clark Wills. He was granted a suspended sentence which was later revoked. His attack here is upon the conviction and not the revocation, and we need not determine the validity of the revocation. The conviction was admissible under the terms of Article 37.07, Vernon's Ann.C.C.P. Macias v. State, Tex.Cr.App., 451 S.W.2d 489; Taylor v. State, Tex.Cr.App., 470 S.W.2d 663; Thomas v. State, Tex.Cr.App., 482 S.W.2d 218.

Appellant's ground of error No. 2 is overruled.

The third ground of error urged by appellant is that he was not afforded the effective assistance of counsel.

We have read the entire record and are of the opinion that counsel properly represented appellant and did everything for him that could be expected, in view of the nature of the case and the overwhelming evidence. This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.