IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-251-CR




ANDREW MILLIGAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 7611, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING



 





 In a trial before the court, appellant entered a plea of guilty to the offense of
unauthorized use of a motor vehicle. See Tex. Penal Code Ann. § 31.07 (West 1989). 
Punishment, enhanced by two prior convictions, was assessed at confinement for sixty years. 
Appellant asserts three points of error, contending that the trial court erred by: (1) imposing
sentence without a hearing; (2) permitting the State to elicit testimony concerning the terms of a
proffered plea bargain and his refusal of same; and (3) finding that there was sufficient evidence
to support a conviction. We will overrule appellant's points of error and affirm the judgment of
the trial court.

 In his first point of error, appellant contends that punishment was assessed without
furnishing him a hearing. Appellant directs our attention to the fact that the court reporter did not
furnish a transcription of a punishment hearing. The court reporter's certificate certifies that she
included all of the proceedings requested to be included in the statement of facts in "the above
styled and numbered cause, all of which occurred in open court or in chambers and were reported
by me." The instant cause was tried jointly with another cause in which appellant entered a plea
of guilty. While the hearings on the pleas of guilty were shown to have been held together, the
statement of facts of the punishment hearing bears only the number of the companion cause.

 The judgment and sentence in the instant cause reflect the following:



ON THE 25TH DAY OF FEBRUARY 1992, THIS CAUSE BEING AGAIN
CALLED, THE STATE APPEARED BY HER DISTRICT ATTORNEY AND
THE DEFENDANT, ANDREW MILLIGAN APPEARED IN PERSON AND
REPRESENTED BY COUNSEL PHIL DUCLOUX AND THE COURT
HAVING HEARD ALL THE EVIDENCE FOR THE STATE AND FOR THE
DEFENDANT PRESENTED FOR THE PURPOSE OF DETERMINING THE
PUNISHMENT TO BE ASSESSED, IS OF THE OPINION AND SO FINDS
THE PUNISHMENT OF THE DEFENDANT SHOULD BE FIXED AT
CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
THE INSTITUTIONAL DIVISION FOR A PERIOD OF SIXTY (60) YEARS.



 The recitations in the judgment and sentence are binding upon appellant "in the
absence of direct proof to the contrary." Harvey v. State, 485 S.W.2d 907, 909 (Tex. Crim. App.
1972). We find no direct or affirmative proof to overcome the presumption of regularity of the
judgment and sentence. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the trial court erred in allowing
the prosecutor to elicit testimony from appellant about a plea bargain he had been offered by the
State. We find our disposition of an identical point of error in Milligan v. State, No. 3-92-132-CR (Tex. App.--Austin Mar. 2, 1994, no pet. h.), handed down this day dispositive of appellant's
contention. Appellant's second point of error is overruled.

 In his third point of error, appellant urges that the evidence is insufficient to
support the conviction.

 The appellant testified under oath as follows:



MR. PENICK [prosecutor]: And are you the same Andrew Morris Milligan that
on the 9th day of September, 1991, in Bastrop County, Texas intentionally and
knowingly operated a motor propelled vehicle, a 1987 Ford Crown Victoria four-door without the effective consent of the owner, David Outon?


MR. MILLIGAN [appellant]: Yes, sir.



 We find the above testimony sufficient to constitute a judicial confession that
appellant committed the offense. See Dinnery v. State, 592 S.W.2d 343, 352 (Tex. Crim. App.
1980); Milligan v. State, No. 3-92-132-CR (Tex. App.--Austin Mar. 2, 1994), handed down this
date. We reject appellant's argument that the foregoing could be considered nothing more than
a clarification of the indictment. Appellant and defense counsel had earlier stated to the trial court
that they had "plenty time" and "much time" to discuss the offense, and that appellant "understood
what he was charged with" and "understood what he was doing." We hold that appellant's
judicial confession, standing alone, was sufficient to sustain the conviction. Appellant's third
point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, B. A. Smith and Davis*

Affirmed

Filed: March 2, 1994

Do Not Publish








* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).