Death Opinion










 




IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0042-11






THE STATE OF TEXAS


 

v.



CALEB DAVIS, Appellee






ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW 

FROM THE FOURTH COURT OF APPEALS

BEXAR COUNTY




 

 Alcala, J., filed a concurring opinion.


CONCURRING OPINION


 I join the majority opinion because I agree that any re-sentencing must be done in the
presence of appellee Caleb Davis, his attorney, and counsel for the State, and this record does
not show that this occurred. I write separately, however, to address my concern that the
majority opinion may be interpreted too broadly in its assessment of what constitutes a
hearing in this context and what can overcome the presumption that the recitations in a
judgment are correct. 

 The majority opinion states, "While a modified judgment contains language indicating
the parties that appeared, it does not mention a hearing." The language in this judgment,
however, does recite that the cause was called for trial, that the State appeared through her
district attorney, and that the defendant and his attorney were present. This judgment should
not be condemned for failing to recite that a hearing occurred. Regardless, the issue in this
appeal is the presence of the attorneys at appellant's re-sentencing.

 The State's complaint in this petition for discretionary review is not that the defendant
was sentenced in a procedure that was not a hearing. Rather, the ground for review asks
"[w]hether the appellate court erred in holding that the trial court had authority to grant a
motion for reconsideration of sentence and modify the original sentence outside the presence
of the defendant and the State." The pertinent question, therefore, is whether the defendant
and the attorneys for the State were present when the defendant was re-sentenced. To answer
this question, we must first look to the oral pronouncements made in court. See Ex parte
Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) ("When the oral pronouncement of
sentence and the written judgment vary, the oral pronouncement controls."). Here, we do not
have a record that shows any oral pronouncement by the court.

 Similarly, where the parties have waived the right to having a court reporter record
a plea hearing, there will not be any record of the court's oral pronouncements, and the
sentence will be reflected only in the written judgment. Although the record before us fails
to show that the parties waived a court reporter, the failure to record the plea hearing is not
the subject of the State's petition, which asks only whether the defendant and the State were
present at the re-sentencing hearing. 

 Although it is true that the trial court's oral pronouncements as shown in the reporter's
record will control over the written judgment when they are in conflict, there is no conflict
when the trial court's written judgment is the only available record of the proceedings, as is
the case here. Our law provides that we presume the accuracy of the written judgment. See
Martin v. State, 463 S.W.2d 449, 451 (Tex. Crim. App. 1971) (observing that appellant was
unable to overcome "presumption of the regularity and accuracy of court records"). Here,
the presumption is overcome by the face of the judgment. The written judgment shows that
the "Date Judgment Entered" was September 14, 2009, which would mean that the judgment
was entered before sentence was imposed on October 19, 2009. The significance of this
discrepancy is that if the judgment was prepared and entered on September 14, 2009, then
the recitations contained within the judgment would be true as of that date, but not
necessarily at any later date. Thus, the September 14, 2009, recitation that the attorneys for
the State and appellant made appearances would be true as of that date but would not
necessarily be applicable to any later date, including the date the defendant was sentenced. 
Relying on the recitations stated in the judgment, as we normally do, leads to the conclusion
that it is unclear whether any attorney was present when the defendant was re-sentenced
because the judgment is silent on that matter. 

 In addition to examining the judgment, we must also review the entire record to
determine the events that transpired at the re-sentencing. See Hill v. State, 633 S.W.2d 520,
522 (Tex. Crim. App 1981) (using trial transcript to determine that counsel was not present
when both docket sheet and sentencing record were silent on issue). Here, nothing in the
appellate record shows that any attorney was present when the defendant was re-sentenced. 
Concerning the re-sentencing, the record does not contain any reporter's record, any waiver
of record for that event, any docket entry, any written judgment reflecting the events that
occurred at the re-sentencing, or anything else to show the presence of the defendant or any
attorney. 

 Because the appellate record, when viewed in its entirety, fails to show that any
attorney was present when the defendant was sentenced, I concur in the judgment to remand
this case. 

 Alcala, J.


Filed: October 5, 2011

Publish