

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0042-11

### THE STATE OF TEXAS

### v.

### CALEB DAVIS, Appellee

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## BEXAR COUNTY

**ALCALA, J.,** filed a concurring opinion.

### CONCURRING OPINION

I join the majority opinion because I agree that any re-sentencing must be done in the

presence of appellee Caleb Davis, his attorney, and counsel for the State, and this record does

not show that this occurred. I write separately, however, to address my concern that the

majority opinion may be interpreted too broadly in its assessment of what constitutes a

hearing in this context and what can overcome the presumption that the recitations in a

judgment are correct.

The majority opinion states, "While a modified judgment contains language indicating the parties that appeared, it does not mention a hearing." The language in this judgment, however, does recite that the cause was called for trial, that the State appeared through her district attorney, and that the defendant and his attorney were present. This judgment should not be condemned for failing to recite that a hearing occurred. Regardless, the issue in this appeal is the presence of the attorneys at appellant's re-sentencing.

The State's complaint in this petition for discretionary review is not that the defendant was sentenced in a procedure that was not a hearing. Rather, the ground for review asks "[w]hether the appellate court erred in holding that the trial court had authority to grant a motion for reconsideration of sentence and modify the original sentence outside the presence of the defendant and the State." The pertinent question, therefore, is whether the defendant and the attorneys for the State were present when the defendant was re-sentenced. To answer this question, we must first look to the oral pronouncements made in court. *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) ("When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls."). Here, we do not have a record that shows any oral pronouncement by the court.

Similarly, where the parties have waived the right to having a court reporter record a plea hearing, there will not be any record of the court's oral pronouncements, and the sentence will be reflected only in the written judgment. Although the record before us fails to show that the parties waived a court reporter, the failure to record the plea hearing is not

the subject of the State's petition, which asks only whether the defendant and the State were present at the re-sentencing hearing.

Although it is true that the trial court's oral pronouncements as shown in the reporter's record will control over the written judgment when they are in conflict, there is no conflict when the trial court's written judgment is the only available record of the proceedings, as is the case here. Our law provides that we presume the accuracy of the written judgment. *See Martin v. State*, 463 S.W.2d 449, 451 (Tex. Crim. App. 1971) (observing that appellant was unable to overcome "presumption of the regularity and accuracy of court records"). Here, the presumption is overcome by the face of the judgment. The written judgment shows that the "Date Judgment Entered" was September 14, 2009, which would mean that the judgment was entered before sentence was imposed on October 19, 2009. The significance of this discrepancy is that if the judgment was prepared and entered on September 14, 2009, then the recitations contained within the judgment would be true as of that date, but not necessarily at any later date. Thus, the September 14, 2009, recitation that the attorneys for the State and appellant made appearances would be true as of that date but would not necessarily be applicable to any later date, including the date the defendant was sentenced. Relying on the recitations stated in the judgment, as we normally do, leads to the conclusion that it is unclear whether any attorney was present when the defendant was re-sentenced because the judgment is silent on that matter.

In addition to examining the judgment, we must also review the entire record to

determine the events that transpired at the re-sentencing. *See Hill v. State*, 633 S.W.2d 520, 522 (Tex. Crim. App 1981) (using trial transcript to determine that counsel was not present when both docket sheet and sentencing record were silent on issue). Here, nothing in the appellate record shows that any attorney was present when the defendant was re-sentenced. Concerning the re-sentencing, the record does not contain any reporter's record, any waiver of record for that event, any docket entry, any written judgment reflecting the events that occurred at the re-sentencing, or anything else to show the presence of the defendant or any attorney.

Because the appellate record, when viewed in its entirety, fails to show that any attorney was present when the defendant was sentenced, I concur in the judgment to remand this case.

Alcala, J.

Filed: October 5, 2011
Publish