**Johnny VASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–824–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 19, 1983.

Robert Jones, Houston, for appellant.

James C. Brough, Norma Davenport, Houston, for appellee.

Before JUNELL, MURPHY and DRAUGHN, JJ.

JUNELL, Justice.

Appellant was convicted, in a trial before a jury, of aggravated assault. After finding that appellant had been previously convicted of a felony, the jury assessed punishment at eighteen years confinement. We affirm.

At approximately 11:45 p.m., on August 21, 1981, David Pinnick and Wanda Sitler left Popper's, a bar in Houston. While walking to Sitler's car, they noticed a black Ford which appeared to be stuck "high centered" off an embankment in the parking lot. There were three Latin American males standing near the stuck car who were later identified as appellant, Esequiel Zepeda and Ricky Basquez, appellant's brother. Sitler's car was parked behind the Ford. As Sitler attempted to back her car out, she hit the right rear of the Ford. As Pinnick exited Sitler's car to check for damage, he noticed appellant had a knife. A fight ensued between Pinnick and the three other men. Pinnick stated that as appellant lunged toward him with the knife, he struck appellant in the face with his fist. After the brawl was broken up, Pinnick noticed that he had been stabbed in the side.

Leroy Sparkman witnessed the fight as he exited a nearby pizza parlor. After the fight, he observed Zepeda and Basquez "help" appellant walk to the side of a nearby building. Sparkman said appellant "had something in his hand" which was thrown into the hedge beside the building. Sparkman testified he then walked over to the bushes and saw a bloody buck knife.

Terry Rhodes, an off-duty police officer, was walking through the parking lot when he noticed the disturbance. Pinnick was bloody and informed Rhodes that he had been stabbed. After speaking with Sparkman, Rhodes detained appellant, Zepeda and Basquez until Houston police officer D.L. Bartlett arrived. Bartlett recovered the knife from the hedge; it was later identified as being consistent with the weapon used in the assault.

■ In his first ground of error, appellant complains he was not afforded a transcript of the court reporter's notes from the examining trial. The record reflects the following colloquy at a pre-trial motion hearing:

THE COURT: Has he filed an affidavit for indigency?

DEFENSE COUNSEL: Yes sir. He was appointed a lawyer.

THE COURT: I need to keep that as a part of the record in case. Was there an examining trial?

DEFENSE COUNSEL: There was a brief examining trial. The complainant was called as the only witness.

THE COURT: You are entitled to that.

The record contains neither a request for a transcription nor an adverse ruling on any such request. The transcript contains "Defendant's Motion for a Transcript of the Examining Trial" and "Defendant's Motion for New Trial." Both unsworn motions request a copy of the transcription; however, the motions were filed on January 21, 1982, forty-one days after sentencing. Each

bears an unsigned notation, "not excepted [sic] by court. Not timely filed." Appellant has failed to preserve error, if any. *Compare Armour v. State,* 606 S.W.2d 891 (Tex.Cr.App.1980). Ground of error one is overruled.

Appellant next urges that the State knowingly used perjured testimony. Officer Bartlett arrived at the scene at approximately 11:45 p.m. on the night in question. Officer Rhodes had detained the three suspects in the parking lot; Bartlett took the men into custody. The parking lot was well lighted. Bartlett stated that appellant was wearing neither shirt nor shoes, and he had blood on his face. After speaking with the witness, Sparkman, Bartlett recovered the buck knife from a nearby bushy area. The knife's five inch blade was covered with blood. Bartlett also testified that appellant was wearing a belt with a scabbard on the night in question. Bartlett admitted he made no mention of the scabbard in his offense report. Appellant places great emphasis on the fact that no other witness recalled seeing the scabbard. Additionally, appellant showed that appellant's county jail property record did not contain a notation of a scabbard.

■ While the State is not permitted to obtain a conviction through the knowing use of perjured testimony, the appellant bears the burden of showing that testimony used by the State was in fact perjured. *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App. 1979). Here, appellant has failed to meet the initial burden of showing the testimony was perjured. Even though Officer Bartlett testified as to matters which were not contained in the offense report, this testimony is no showing of perjury. The credibility of his testimony was an issue to be resolved by the jury. *Williams v. State,* 513 S.W.2d 54 (Tex.Cr.App.1974); *Haywood v. State,* 507 S.W.2d 756 (Tex. Cr.App.1974). Ground of error two is overruled.

■ As a corollary to the charge of perjury, appellant urges in grounds of error three and four that the court erred in allowing the state to elicit testimony that appellant was wearing a belt and knife scabbard on the night of the offense. Specifically, appellant contends that such evidence was suppressed by the State after a timely motion for discovery. The transcript before us contains no motion for discovery; the docket sheet indicates that the court heard "defense motions" and shows the rulings thereon to be "reflected in the court reporter's notes." To the extent we are able to discern, it appears that a motion for discovery was granted, at least in part, by the court. The facts to be considered upon a charge of prosecutorial suppression of evidence are: (1) suppression by the prosecution after a request by the defense; (2) of evidence favorable to the defense; (3) which is material to the case. *Young v. State,* 552 S.W.2d 441 (Tex.Cr.App.1977). We find no support in the record for the contention that the State suppressed anything. Moreover, we fail to see how testimony tending to show that appellant carried a scabbard would have been favorable to the defense. Grounds of error three and four are overruled.

■ Appellant next contends the court allowed the State to impeach its own witness. Appellant's brother, Ricky Basquez, testified that appellant had scars on his face on the date of trial, but that appellant had no facial scars prior to August 21, 1981, the date of the incident with Pinnick. When the State subsequently called Basquez as a rebuttal witness, he identified a photograph of appellant and testified that in December, 1978, Vasquez had a scar on the bridge of his nose. The court sustained appellant's objection, "Counsel has called Mr. Basquez as her witness. She cannot impeach her own witness." However, appellant never requested an instruction for the jury to disregard the line of questioning. When the State attempted to introduce the photograph into evidence, appellant made only a general objection which was overruled by the court. By failing to specifically request further relief, appellant has waived any complaint as to improper impeachment. *See Boening v. State,* 422 S.W.2d 469 (Tex. Cr.App.1967). Ground of error five is overruled.

■ In ground of error six, appellant contends there was insufficient proof that the knife was a deadly weapon from the manner of its use or intended use. We disagree. Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974) defines "deadly weapon" as, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." There was testimony that the blade was four and one half to five inches long; appellant cut the complainant in the left cheek with the knife; complainant had a stab wound in his left flank; the wounds were painful; Officer Bartlett testified that such a knife could be used as a "deadly weapon." This is sufficient to bring the knife within the meaning of "deadly weapon" as defined in § 1.07. *Cruz v. State,* 576 S.W.2d 841 (Tex.Cr.App.1979). Ground of error six is overruled.

■ Appellant also contends "there is insufficient circumstantial evidence" to support the conviction. Initially, we note that the complainant identified appellant at trial as the man who wielded the knife on the night in question; Pinnick testified that appellant cut him with the knife during the fight. Pinnick's testimony constituted direct evidence of appellant's guilt. We find there is evidence from which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lopez v. State,* 630 S.W.2d 936 (Tex.Cr.App.1982); Tex.Penal Code Ann. § 22.02 (Vernon Supp.1982–1983). Ground of error seven is overruled.

In grounds of error eight, nine and ten, appellant complains that punishment was improperly enhanced.

■ The State introduced a penitentiary packet, containing a judgment and sentence and fingerprints of Johnny Rodriguez Vasquez; the "pen packet" reflects that in 1980, Vasquez was convicted of attempted burglary of a habitation with intent to commit theft. There was extensive testimony introduced to show that appellant's fingerprints matched those in the pen packet. Appellant now contends that the 1980 conviction is void because of various "defects" in the indictment. We find no support for these contentions in the record. Appellant has attached to his brief copies of two indictments and a motion to revoke probation; however, we cannot pass upon these complaints since these instruments are not part of the record before us. *Martin v. State,* 492 S.W.2d 471 (Tex.Cr.App. 1973). Grounds of error eight, nine and ten are overruled.

In his final ground of error, appellant alleges the court committed fundamental error in its charge to the jury, in that the charge fails to instruct the jury that it must first determine that the knife was a deadly weapon before convicting appellant of aggravated assault.

The court instructed the jury on the definition of "deadly weapon" as defined in Tex.Penal Code Ann. § 1.07(a)(11)(A), (B) (Vernon 1974). Additionally, the court instructed the jury:

Now if you find from the evidence beyond a reasonable doubt that on or about the 21st day of August, 1981, in Harris County, Texas, the defendant, Johnny Vasquez, did intentionally or knowingly cause bodily injury to David Wayne Pinnick with the use of a deadly weapon, namely, a knife, then you will find the defendant guilty of aggravated assault.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty.

Appellant's objection to the charge was, "the charge does not follow the evidence as presented and the law as set out."

■ As we have previously concluded, the evidence is sufficient to support a finding that the knife used was a deadly weapon. We find no error in the court's charge. The charge was sufficient to inform the jury that the evidence must show the knife to be a deadly weapon before appellant could be convicted. *Hawkins v. State,* 605 S.W.2d 586 (Tex.Cr.App.1980). Ground of error eleven is overruled.

The conviction is affirmed.