**Affirmed and Memorandum Opinion filed September 24, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00696-CR

**ALEJANDRO MORALES  CALLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1384626**

## M E M O R A N D U M   O P I N I O N

Appellant Alejandro Morales Calles challenges the legal sufficiency of the evidence supporting his conviction for sexual assault of a child under the age of fourteen. We affirm.

### BACKGROUND

The State alleges that appellant sexually assaulted ten year old M.G.[1] on July

---

[1] On appeal, we will use only the complainant's initials.

27, 2012, while M.G. and her siblings were at appellant's home. That afternoon, M.G.'s father dropped her and her siblings off with appellant so that he could take his girlfriend to a doctor's appointment. Father returned later that evening to pick up the children and take them to church. Father testified that after church, he drove to a carwash. He stated that at that time, M.G. began crying and told him that appellant had touched her inappropriately "down there." After M.G.'s outcry, Father picked his girlfriend up from work and drove the family to Precinct 6, where he relayed M.G.'s statement to an officer in the parking lot. After some initial questioning, that officer forwarded M.G.'s case to the deputy assigned to sexual assault cases. The deputy then scheduled an interview for M.G. at the Children's Assessment Center. During the interview, M.G. indicated that appellant had penetrated her vagina with his fingers. The case was ultimately transferred to the Houston Police Department, and appellant was charged with aggravated sexual assault of a child under the age of fourteen.

At trial, M.G. testified about the assault. According to M.G., she and the other children were watching a movie on appellant's couch at the time of the incident. M.G. stated that appellant was also in the room, sitting with his feet propped up in the recliner with his laptop in his lap. She testified that at one point she moved from the long couch with the other children to the empty loveseat next to appellant's recliner. M.G. stated that appellant then reached over, put his hands in her pants, and penetrated her vagina with his fingers. She testified that the other children could not see what appellant was doing because his laptop and raised feet blocked their view. Appellant also testified, denying M.G.'s allegations. After hearing all the evidence, the jury found appellant guilty and sentenced him to five years in prison.

## STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, we view all evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the jury by reassessing the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we give deference to the jury's responsibility to impartially resolve any inconsistencies in testimony, weigh evidence, and draw reasonable conclusions. *Id.*

In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume that the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

## ANALYSIS

A person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the sexual organ of a child under the age of fourteen, by any means. Tex. Penal Code §§ 22.021(a)(1)(B)(i), 22.021(a)(2)(B). A child complainant's testimony, standing alone, will support a conviction for aggravated sexual assault. Tex. Code Crim. Proc. art. 38.07; *Jensen v. State*, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th

Dist.] 2002, pet. ref'd). Additionally, the victim's testimony need not be corroborated by medical or physical evidence. *Newby v. State*, 252 S.W.3d 431, 437 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (citing *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)).

Appellant argues that the evidence is insufficient to support his conviction because "the record contains conclusive evidence of a reasonable doubt." Specifically, appellant argues: (1) the location and circumstances would have made commission of the offense "difficult" or "impossible"; and (2) M.G. made various inconsistent statements regarding the incident. We address each of appellant's arguments in turn.

Appellant first contends it is "impossible to fathom" how he could have committed the alleged offense under the circumstances described. Appellant notes the presence of five other children in the small living room at the time of the purported incident.[2] While this fact might have made the alleged sexual assault more difficult, it does not automatically lead to the conclusion that appellant could not have committed the crime. *See Carty v. State*, 178 S.W.3d 297, 304 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (finding evidence factually sufficient to support conviction even though brother was asleep on the floor in the same room during one assault and heard nothing); *Muniz v. State*, No. 14-06-00959-CR, 2008 WL 314963, at *2 (Tex. App.—Houston [14th Dist.] Feb. 5, 2008, pet. ref'd) (mem. op., not designated for publication) (concluding evidence supporting conviction was sufficient even though four other children were sleeping in the same bed during the assault and reported nothing). The jury could have believed

---

[2] Appellant's brief contains diagrams of the furniture placement in his living room. Because these depictions do not appear in the record, we do not consider them. *Martin v. State*, 492 S.W.2d 471, 472 (Tex. Crim. App. 1973); *Vasquez v. State*, 654 S.W.2d 775, 779 (Tex. App.—Houston [14th Dist.] 1983, no pet.).

M.G.'s testimony that because appellant had his legs propped up and his laptop in his lap, the other children, watching a movie, did not see the assault. Ultimately, it is the jury's responsibility to weigh the trial testimony. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We serve only as a safeguard to confirm that the jury made a rational determination. *Id.*

Appellant then claims it would not have been "physically feasible" for him to put both hands inside M.G.'s pants while seated in the recliner. He argues that the presence of the children and his position in the recliner "conclusively establish reasonable doubt in a rational juror's mind." We disagree. As the sole judge of the credibility of witness testimony and the weight to be afforded to it, the jury was free to believe M.G.'s account of events over appellant's testimony. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). Appellant's conviction indicates that the jury afforded greater weight to M.G.'s testimony, and we must defer to that decision. *See id.* Therefore, we reject appellant's contention that the location and circumstances of the alleged assault cause the evidence supporting his conviction to be legally insufficient.

Appellant also argues that inconsistencies in M.G.'s accounts of the assault render her testimony insufficient to support his conviction. First, appellant notes M.G. gave contradictory answers when asked if she was wearing a belt on the day in question. Second, appellant cites two different reasons M.G. gave as to why she moved from the longer couch with the other children to the loveseat near appellant. Third, appellant contends that M.G. described the assault with varying levels of detail to her father, the officer, and the CAC interviewer. Again, these arguments are all aimed at M.G.'s credibility, an issue already considered by the jury. Having heard both M.G.'s and appellant's testimony, the jury was in the best position to assess the credibility of their statements. When presented with conflicting

inferences, we presume the jury resolved such conflicts in the prosecution's favor, and we must give deference to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are not to sit as a thirteenth juror and reevaluate the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Here, M.G.'s testimony provided evidence of each of the elements of the charged offense. Regarding the specifics of the incident, M.G. testified that while she was sitting on the couch near appellant's recliner, appellant grabbed her pants and "tried to pull [her] closer." She testified that he then put his fingers inside her underwear and she felt appellant's fingers moving inside her vagina. M.G. also testified that appellant used two fingers and answered affirmatively when asked whether his fingers moved "back and forth." Viewing this testimony in the light most favorable to the verdict, the jury, as the rational trier of fact, could have determined that the essential elements of the offense were met beyond a reasonable doubt. M.G. was ten years old at the time of the incident, and her testimony alone is enough to substantiate appellant's conviction. *See Tran v. State*, 221 S.W.3d 79, 88 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

Based on M.G.'s testimony, the jury could have found that the elements of aggravated sexual assault had been established beyond a reasonable doubt. The jury concluded that M.G.'s testimony was credible and that it supported appellant's conviction. As the reviewing court, it is not our responsibility to discount or reexamine evidence. *Moreno*, 755 S.W.2d at 867. We conclude that the evidence is legally sufficient to support appellant's conviction, and we overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/s/          Ken Wise
             Justice

Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).