

# NUMBERS 13-14-00691-CR AND 13-14-00692-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHN KIRBY,                                                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                                    **Appellee.**

## On appeal from the 319th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant John Kirby pled guilty to two felony driving while intoxicated (DWI) charges.[1]  *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through Ch. 46, 2015 R.S.).   Kirby's DWI convictions were enhanced under Texas Penal Code section

---

[1] Though appealed separately, we address Kirby's appellate causes in one opinion because they involve the same facts and issues.   Kirby's raises the same issues in both appeals.

12.42(d). *See id.* § 12.24(d) (West, Westlaw through Ch. 46, 2015 R.S.). The trial court sentenced Kirby to thirty years' imprisonment for each conviction, with the sentences to run concurrently. Kirby raises two issues on appeal contending: (1) that he received ineffective assistance of counsel, thereby rendering his plea involuntary; and (2) that the Texas law allowing an attorney to act as a bondsman is unconstitutional and creates an impermissible conflict of interest. We affirm.

## I. BACKGROUND

Kirby was charged by two separate indictments for DWIs committed on May 18, 2013, and February 1, 2014. The DWI charges were enhanced to third-degree felonies pursuant to section 49.09(b) of the penal code because Kirby had two prior DWI convictions from June 2005 and January 2006. *See id.* § 49.09(b) (West, Westlaw through Ch. 46, 2015 R.S.). The DWI charges were further enhanced into the habitual offender range under section 12.42(d) of the penal code because Kirby had two prior felony convictions: (1) a 1986 conviction for a burglary of a building; and (2) a 1990 conviction for robbery. *See id.* § 12.42(d). In his Judicial Confessions and Stipulations, filed on November 10, 2014, Kirby pled guilty and judicially confessed to the May 2013 and February 2014 DWIs. During his consolidated plea hearing on both charges, Kirby stipulated to the truth of his prior convictions for enhancement purposes. The judgments reflect a guilty plea and findings of true to the enhancing convictions.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, Kirby contends that he received ineffective assistance of counsel, thereby rendering his plea involuntary. Specifically, Kirby contends that his counsel misadvised him concerning his potential punishment range. In response, the State

2

contends that Kirby failed to identify any proof in the record supporting his contention that he received ineffective assistance of counsel.

### A.    Applicable Law

As part of the Sixth Amendment's guarantee of a right to a fair trial, a defendant in a criminal case is entitled to effective assistance of counsel.   *See Strickland v. Washington,* 466 U.S. 668, 686 (1984); *see also Gideon v. Wainwright*, 372 U.S. 335, 339–40 (1963) (setting out that the right to counsel is necessary to protect the fundamental right to fair trial).   The *Strickland* standard applies to a challenge to a guilty plea based on ineffective assistance of counsel.   *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). "A plea of guilty is not knowingly and voluntarily entered if it is made as a result of ineffective assistance of counsel."   *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980) (en banc) (recognizing that a defendant's constitutional right to counsel does not mean "errorless counsel"); *Ex parte Karlson*, 282 S.W.3d 118, 129 (Tex. App.—Fort Worth 2009, pet. ref'd).

In *Strickland,* the Supreme Court established a two-pronged test for determining whether a defendant was afforded effective assistance of counsel.[2]   *See Strickland,* 466 U.S. at 687.   To establish the first prong, an appellant must first show, by a preponderance of the evidence, that counsel's performance was deficient to the extent it fell below an objective standard of reasonableness under prevailing professional norms. *See id.* at 687–88; *Wert v. State,* 383 S.W.3d 747, 752 (Tex. Crim. App. 2012); *Ex parte Karlson,* 282 S.W.3d at 129.   Then, to satisfy the second *Strickland* prong, a defendant

---

[2] Texas adopted the *Strickland* test in *Hernandez v. State.*   726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

3

claiming ineffective assistance of counsel in the plea process must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005); *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991); *Ex parte Karlson,* 282 S.W.3d at 129.

If the reasons for counsel's conduct at trial do not appear in the record and it is possible that the counsel's conduct could have been grounded in legitimate trial strategy, an appellate court will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *Garza v. State*, 213 S.W.3d 338, 347–48 (Tex. Crim. App. 2007); *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (recognizing that "ineffective assistance of counsel claims are not built on retrospective speculation; they must be firmly founded in the record"); *see also Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (holding that "[a]n ineffective-assistance claim must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim.") (internal citations omitted). Direct appeal is usually an inadequate vehicle for raising such a claim.[3] *Menefield*, 363 S.W.3d at 592–93.

## B. Discussion

To satisfy the first *Strickland* prong, Kirby must show that his counsel's performance was deficient and fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88. Those allegations

---

[3] A proper record is best developed in a habeas corpus proceeding or in a motion for new trial hearing. *Jensen v. State,* 66 S.W.3d 528, 542 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). We note that no motion for new trial was filed in this case and there has not yet been a habeas corpus proceeding whereby a record could be developed.

4

of ineffectiveness must be firmly founded in the appellate record.[4]  *See Garza,* 213 S.W.3d at 347–48; *Bone,* 77 S.W.3d at 835.

J. Esequiel Ramos represented Kirby during his consolidated plea hearing. During the hearing, the trial court asked Kirby questions regarding his plea and provided the following statutory admonishments:

Court: Mr. Kirby, have you also gone over with your attorney the charges pending against you in the indictment . . . ?

Kirby: Yes, sir.

Court: All right.  And you understand that this [ ] driving while intoxicated, third offense or more.  It looks like it should be a third degree felony, but its punished as a first-degree felony— actually, its punished as an enhanced first-degree felony which keeps it at 25 to life, or 25 to 99 years.  Do you understand that?

Kirby: Yes, sir.

Court: All right, the—have you also gone over with your attorney the Court's admonishments, that is the Court's warnings in each of these cases?

Kirby: Yeah.

Court: Did you see this document before? [indicating Kirby's Judicial Confession and Stipulation]

Kirby: Yes, sir.

Court: All right.  Did you read that and go over that with your attorney as well?

Kirby: Yes, sir.

Court: Then—and my understanding is, Mr. Kirby, this is an open plea, which means you do not have the benefit of a plea bargain, which means the Court can sentence you anywhere in the range of punishment.  Do you understand that?

---

[4] Kirby attached his affidavit to his briefs in this case; however, because the affidavit is not part of the appellate record, we cannot consider it.  *See Martin v. State,* 492 S.W.2d 471, 472 (Tex. Crim. App. 1973).

Kirby:     Yes, sir.

           . . . .

Court:     Then to the charge of driving while intoxicated, third offense or more, how do you plead?

Kirby:     Guilty, sir.[5]

Court:     One other thing, Mr. Kirby.   In both of these cases you signed what are called judicial confessions.   Do you understand that? These documents right here.   Is that your signature on the back part of it?

Kirby:     I'm not understanding what maybe I signed.

Court:     Did you sign these? This is called a judicial confession and stipulation of evidence.   Do you remember signing that document?

Kirby:     My name is on there, I guess I did.

Court:     Okay.

Kirby:     But I don't—I'm not sure what this was for, though, you know. Is that for evidence or—

Court:     Right.   It's basically a judicial confession.   Did you not understand you were signing a judicial confession?

Kirby:     No sir.

Court:     Okay.   Do you want to take time to talk to your attorney about it?

Kirby:     Yes, sir.

Court:     All right.   Go ahead Mr. Ramos.   You can talk to him right there . . . .

           [Kirby and his counsel conferred off of the record]

Counsel:  I believe he understands, Your Honor.

Kirby:     Yeah.

---

[5] Kirby pled guilty to both pending DWI cases.

Court.   Mr. Kirby, I want to take a moment.  Let's go through some things.  Let's make sure you understand what you're doing. . . .  You understand you're here to enter a plea of guilty.  Do you understand that?

Kirby:   Yeah.  Yes, sir.

Court:   And in order for me to accept that plea of guilty, which you pled guilty to, and I think I understand that, but you also have to be made aware that you're signing certain documents that indicate to me that you're waiving certain rights.  Do you understand that?

Kirby:   Yes, sir.

Court:   Do you understand that you have a right to a jury trial, you have a right to make the State prove their case beyond a reasonable doubt, that you would have an opportunity to present witnesses on your own if you wanted to, that those—that your attorney would be able to cross-examine the State's witnesses, and then that a jury of 12 people would hear your case.  By signing the document that I see in front of me, you're indicating to me that you don't want that to happen, that you want me to make the decision on this case.  Is that right?

Kirby:   Yes, sir, but it's like I haven't had enough, you know, insight to my case, or my attorneys really haven't gotten with me to see if there's anything that to have a jury trial, you know.  So I don't know if, you know, like I—Mr. Giovannini, all he did was ever take my money and he never did sit down and talk to me about my case or anything, you know.  And I feel like I—you know, I don't know nothing about my case.

Court:   Okay.  Well, you were set on Friday, I reset your case until Monday so that you would have more time to go through it.  But based upon your attorney's request, so I gave you that.  I'm not giving you any more additional time today because this case has been going on for a while.  This one, DWI in 13-1711-G has been going on since I arraigned you back in March, 2014.

Kirby:   Uh-huh.

Court:   And then back on 6/27/14, there was a status that it was going to be a plea, but you needed additional time, so I gave you 40 days back there.  "Plea set on 9/11."  Then I extended out the plea to docket call on October, and then we did the—there was going to be a plea and I set you to November the 10th.  So I've

given you plenty of time. I can't tell you what you talked about with your attorneys. What I'm doing here today is making sure you understand what you're doing. That is, that you're waiving your right to trial by jury, waiving your right to remain silent, enter your plea of guilty, and then I'm going to decide punishment on this case.

. . . .

Court:      . . . So do you understand that you signed what are called judicial confessions in both cases?

Kirby:      Yes, sir.

Court:      And did you sign those freely and voluntarily?

Kirby:      Yes, sir. I did.

From the hearing transcript it was also apparent that Kirby and his counsel believed that the trial court could sentence Kirby to probation; Kirby requested an alcohol treatment program from the trial court and asked for a probated sentence and Kirby's counsel also requested probation on the record and noted that Kirby had been sentenced to probation previously with the same criminal record.[6] In response, the State noted that as a habitual offender, Kirby was not eligible for probation.

Kirby asserts that the record demonstrates that he received ineffective assistance of counsel because of his confusion regarding his first attorney,[7] his stated confusion regarding the nature of his judicial confession and stipulation, his statements that he had not had a chance to discuss his case prior to the consolidated plea hearing, and his apparent confusion about the availability of probation. However, as quoted above, the

---

[6] In 2006, Kirby was put on probation for the offense of evading arrest with a vehicle, a state jail felony.

[7] Another attorney initially represented Kirby. However, at all relevant times for the purpose of this appeal, Kirby was represented by J. Esequiel Ramos.

8

trial court noted that it had previously extended the date of the plea hearing to allow Kirby an opportunity to further review his case and declined to allow an additional delay. The trial court also read the statutorily required admonishments where it warned Kirby of the effects of his plea and clearly informed Kirby what his range of punishment was as a habitual offender. Further, Kirby stated on the record that he understood the effects of his plea and the range of punishment before he pled guilty to both DWI offenses.

Though Kirby's counsel requested that the trial court deviate from the mandatory minimum sentence, such a request could have been made because there was no other viable argument to make on his client's behalf. The reasons for Kirby's counsel's conduct do not appear in the record and it is possible that the request for probation was part of a successful trial strategy to obtain a sentence close to the twenty-five year minimum sentence.[8] *See Garza,* 213 S.W.3d at 348. We therefore determine that the record before us on direct appeal is undeveloped and does not adequately reflect alleged failings of Kirby's counsel. *See Garza,* 213 S.W.3d at 347–48; *Jackson v. State,* 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Kirby has not shown that his attorney's performance was so deficient that it fell below objective standards of reasonableness under prevailing professional norms. *See Strickland,* 466 U.S. at 687–88; *Garza,* 213 S.W.3d at 347–48. We cannot conclude based on the information available in the record that Kirby established, by a preponderance of the evidence, that he received ineffective assistance of counsel such that his plea was rendered involuntary. *See Strickland,* 466 U.S. at 687–88; *Menefield,* 363 S.W.3d at 593; *Garza,* 213 S.W.3d at 347–48; *see also*

---

[8] As a habitual offender, Kirby faced a range of punishment from twenty-five to ninety-nine years' imprisonment, and he was only sentenced to thirty years' imprisonment, a sentence on the low end of the punishment range. *See* TEX. PENAL CODE ANN. § 12.42(d) (West, Westlaw through Ch. 46, 2015 R.S.).

*Ex parte Burns,* 601 S.W.2d at 372.

Even if we assume without deciding that Kirby satisfied the first *Strickland* prong, he cannot satisfy the second prong—the record does not show that but for his counsel's ineffective assistance—he would not have pled guilty. *See Ex parte Briggs*, 187 S.W.3d at 469; *Ex parte Battle*, 817 S.W.2d at 83. Without considering Kirby's affidavit, there is nothing in the record indicating that Kirby would not have pled guilty but for his counsel's alleged deficiency.

The Texas Court of Criminal Appeals has held that in the context of a guilty plea, the second *Strickland* factor requires Kirby to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"—an assessment that depends upon whether counsel's errors likely would have changed the outcome of a trial. *Ex parte Briggs,* 187 S.W.3d at 469 (recognizing that the appellant's trial counsel wholly failed to develop evidence that raised considerable doubt of appellant's guilt). In this case, the State presented evidence that placed Kirby's blood-alcohol level well above the legal limit for both his May 2013 and February 2014 DWI charges. The trial court admitted into evidence the arresting officers' reports, which indicated that Kirby failed the sobriety tests. The State also offered and the trial court admitted the judgments entered in Kirby's prior convictions as evidence supporting his enhancements. There was overwhelming evidence supporting Kirby's guilt for the two DWI offenses, and there is no evidence that, but for errors committed by Kirby's counsel, he would not have pled guilty and would have insisted on going to trial. *See id.*

From the record before us, Kirby has not satisfied either prong of the *Strickland* test. *See Strickland,* 466 U.S. 486–88; *Martin,* 492 S.W.2d at 472. We overrule Kirby's

first issue.

## III.    CONFLICT OF INTEREST

By his second issue, Kirby contends that the statute permitting an attorney to act as a bondsman for his or her client is unconstitutional. Specifically, he asserts that section 1704.163(a) of the Texas Occupations Code, providing an exemption to the licensing of bondsman where the bondsman is the individual's attorney, creates an impermissible conflict of interest. The State argues that Kirby waived his issue because he failed to adequately brief it and further argues that Kirby failed to preserve his constitutional challenge by not raising it before the trial court. Finally, the State argues that there is no demonstrable conflict of interest.

As a threshold matter, we determine that Kirby did not waive his constitutional issues by failing to cite to supporting legal authority. *See DiGiuseppe v. Lawler,* 269 S.W.3d 588, 597 n.10 (Tex. 2008) (recognizing that though failure to brief ordinarily waives claimed error, that rule is relaxed when fact issues are not germane to the resolution of the issue and the issue is a question of law involving constitutional ramifications). However, Kirby did not preserve his constitutional challenge for appellate review because he may not raise, for the first time on appeal, a facial challenge to the constitutionality of a statute. *See Karenev v. State,* 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute); *see also Salinas v. State,* ___ S.W.3d ___, ___, No. PD-0419-14, 2015 WL 3988955, at *3 (Tex. Crim. App. July 1, 2015) ("A facial attack on the constitutionality of a statute requires . . . that a party establish that the statute in question operates unconstitutionally in all possible circumstances.").

11

Therefore, we do not reach Kirby's second issue.

## IV. Conclusion

We affirm the judgments of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 1st
day of September, 2015.

12